UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | NO.    CR-11-0151-WFN-1 |
| -vs- | ) | ORDER |
| LEONA LOUISE SUTTON, | ) | |
| Defendant. | ) | |

A motion hearing was held April 17, 2012. The Defendant, who is in custody, was present and represented by Matthew Campbell; Assistant United States Attorney George Jacobs, III represented the Government. The Court heard argument regarding Defendant's Motion for Judgment of Acquittal and for New Trial (ECF No. 112). The Court stands by the original decision based on the same rationale. Defendant argues that the jury could have convicted on simple assault without encompassing the greater crime based on the theory that the gun was discharged accidently. The Court disagrees, since there was unquestionably physical contact, the jury could not have found simple assault based on the facts in the record. The cases cited to the contrary by Defendant are of little use as, though the fact patterns may have been similar, the Ninth Circuit did not address the appropriateness of the district court giving the instruction for simple assault in any of the cases cited supporting Defendant's position.

Additionally, the Court disagrees with Defendant's assertion that a rational jury could have found the requisite intent for simple assault but not for assault with a dangerous

ORDER - 1

weapon. To prove simple assault, the jury would have to find either (1) "a willful attempt to inflict injury upon the person of another," or (2) "a threat to inflict injury upon the person of another, which, when coupled with an apparent present ability, causes a reasonable apprehension of immediate bodily harm." *United States v. Lewellyn*, 481 F.3d 695, 697 (9th Cir. 2007). The record simply does not contain facts sufficient for a reasonable jury to make a finding of guilt in the latter of the simple assault definition because the uncontested testimony made it plain that the victim had no apprehension of bodily harm. A reasonable jury *could* have found that Defendant had the intent to inflict injury on the person of another, but if she had such an intent, then Defendant's theory that she acted accidently does not apply. Such an intent would also encompass the requisite intent for assault with a deadly weapon.

The Court has reviewed the file and motion and is fully informed. This Order is entered to memorialize and supplement the oral rulings of the Court. Accordingly,

**IT IS ORDERED** that Motion for Judgment of Acquittal and for New Trial, filed March 14, 2012, **ECF No. 112**, is **DENIED**.

The District Court Executive is directed to file this Order and provide copies to counsel.

**DATED** this 18th day of April, 2012.

04-17-12

s/ Wm. Fremming Nielsen
WM. FREMMING NIELSEN
SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 2