UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>    -vs-<br><br>LEONA LOUISE SUTTON,<br><br>                Defendant. | No.   2: 11-CR-0151-WFN-1<br><br>ORDER DENYING<br>MOTION TO VACATE |

A motion hearing was held April 20, 2016, to address Defendant's Motion to Vacate Conviction Pursuant to 18 U.S.C. § 2255. Matthew Campbell represented the Defendant; Assistant United States Attorney George Jacobs, III, represented the Government. Defendant's presence was waived due to the purely legal nature of the Motion. The Court heard argument and took the matter under advisement.

Defendant has established that the Court has jurisdiction under § 2255, and arguably, the Motion is timely, though it may in fact be premature. "A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255.

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--(1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made

ORDER- 1

> retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C.A. § 2255 (West). In June 2015, the Supreme Court invalided the residual clause in 18 U.S.C. § 924(e). *Johnson v. United States*, 135 S. Ct. 2251 (2015). Recently the Supreme Court ruled that the newly recognized right announced in *Johnson* is retroactive. *Welch v United States,* __ S. Ct. ___, 2016 WL 1551144 (April 18, 2016).

Defendant argues that the Court should extrapolate from the Supreme Court's invalidation of the 18 U.S.C. § 924(e) residual clause in *Johnson* to invalidation of the residual clause in § 924(c). According to Defendant, the Supreme Court first recognized that § 924(c)(3)(B) is overbroad when *Johnson* was decided and therefore the Motion is timely. The language in § 2255 is clear that the newly recognized right must be recognized by the Supreme Court. As discussed more thoroughly below, the Court appreciates similarities between § 924(e) and § 924(c) and further accepts that the Ninth Circuit found identical statutory language to § 924(c) to be unconstitutional in *Dimaya v. Lynch,* based on the Supreme Court's ruling in *Johnson.*[1] 803 F.3d 1110 (9th Cir. 2015). However, the Supreme Court has not addressed the constitutionality of § 924(c) which while similar, does differ from § 924(e). It appears that Defendant relies on a not yet established right rather than a newly recognized right. Consequently, the Motion may be premature, but in light of the likelihood that the Supreme Court will recognize the right in the future and the following analysis, the Court moves to the merits of the Motion.

Defendant convincingly argues that the residual clause in § 924(c)(3)(B) suffers from the same deficiencies as those found in § 924(e). In the *Johnson* opinion, Justice Scalia pointed to two factors that in combination rendered § 924(e) unconstitutionally vague: (1) lack of certainty on how to estimate the risk posed by a crime due to the reliance on generic elements rather than real-world facts; (2) the quantum of risk posed to

---

[1] *Dimaya* examined 18 U.S.C. § 16(b). *Dimaya v. Lynch,* 803 F.3d 1110 (9th Cir. 2015).

ORDER- 2

qualify as a violent felony. *Johnson v. United States*, 135 S. Ct. 2251, 2558 - 59 (2015). The unsettled litigation creating a judicial morass caused by courts attempting to define which convictions qualified as violent felonies also indicated that the residual clause was too vague. *Id.*

The residual clause of § 924(c) defines a crime of violence as a felony "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." The Ninth Circuit examined an identical residual clause found in the immigration code and determined that it "requires courts to inquire whether the conduct encompassed by the elements of the offense, in the ordinary case, presents a substantial risk of force" just as prohibited by *Johnson*. Accordingly, the Ninth Circuit invalidated the unconstitutionally vague definition of crime of violence "an offense that is a felony and . . . that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 16(b). Thus, despite the several differences the Government notes between § 924(e) and § 924(c), there is an extremely high likelihood, perhaps even a certainty, that the Ninth Circuit will eventually determine that § 924(c)(3) is unconstitutionally vague.

However, even without the residual clause, Defendant's conviction stands if the "crime of violence" is a felony that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." Defendant went to trial and was convicted by a jury on both counts of the Indictment. The jury instructions for Count 2 of the Indictment charging Discharge of Firearm During Commission of Crime of Violence, 18 U.S.C. § 924(c)(1)(A), indicated that, to prove that the Defendant was guilty of Count 2, the Government has to prove that "First, the Defendant, Ms. Sutton, committed the crime of assault with a dangerous weapon in Indian Country as charged in Court 1 of the Indictment, which *I instruct you is a crime of violence*. . ." (emphasis added). Once convicted, the Court then sentenced Defendant pursuant to § 924(c)(1)(A)(iii) without objection from Defendant. *See* ECF No. 143. At no point did the parties discuss which

ORDER- 3

subsection they relied upon when agreeing that the charge in Count 1 constituted a crime of violence as defined in § 924(c)(3). However, court records consistently cite § 924(c)(1)(A) and not the residual clause.

The Court and parties properly relied upon § 924(c)(1)(A) when agreeing that assault with a dangerous weapon is a crime of violence. Pursuant to *Descamps,* the Court must first compare the elements of assault with a dangerous weapon to the statutory definition of a crime of violence. *Descamps v. United States,* 133 S. Ct. 2276 (2013). If the elements of the conviction exceed the generic definition of a crime, the Court then must examine the elements of the prior conviction to determine if the statute is divisible. *Id.* A divisible statute defines elements in the alternative in essence creating separate crimes in a single statute. *Descamps,*133 S. Ct. at 2284. The touchstone for determining divisibility is whether or not the jury must make a determination of the facts supporting the generic crime. *Rendon v. Holder*, 764 F.3d 1077, 1084-90 (9th Cir. 2014). "By contrast, a statute is indivisible if the jury may disagree on the fact at issue yet still convict." *Lopez-Valencia v. Lynch,* 798 F.3d 863, 869 (9th Cir. 2015).

Upon examination of the elements and statutory language defining, the Court concludes that Assault with a Dangerous Weapon has an element requiring the use, attempted use, or threatened use of physical force. Therefore, the constitutionality of the residual clause found at § 924(c)(1)(B) has no bearing on Defendant's sentence. Physical force "means violent force—that is, force capable of causing physical pain or injury to another person." *Johnson v. United States,* 559 U.S. 133, 140 (2010). In *Johnson*, the Supreme Court determined that a statute permitting conviction for actual and intentional touching could not qualify as a violent felony because the level of force required was not sufficiently substantial to meet the requirement of "physical" force. Mere possession of a weapon while engaging in an offensive touch is likewise insufficient to qualify as physical force. *United States v. Werle,* 815 F.3d 614, 620 (9th Cir. 2016). Similarly, assault on a federal officer cannot qualify as a crime of violence under the use of force provision because "[t]o obtain a § 111(a) felony conviction . . . the government need not prove, and

ORDER- 4

an adjudicator need not find, that the offense involved violent force capable of causing physical pain or injury." *United States v. Dominguez-Maroyoqui*, 748 F.3d 918, 921 (9th Cir. 2014). Contrarily, a statute that requires that the Defendant "willfully inflicts upon a person who is his or her spouse, former spouse, cohabitant, former cohabitant, or the mother or father of his or her child, corporal injury resulting in a traumatic condition" qualifies as a crime of violence under force clause when applying U.S.S.G. § 2L1.2.[2] *United States v. Ayala-Nicanor*, 659 F.3d 744, 748 (9th Cir. 2011).

Assault with a Dangerous Weapon pursuant to 18 U.S.C. § 113(a)(3) is "assault with a dangerous weapon, with the intent to do bodily harm." To find a person guilty the Government must prove,

> First, the defendant assaulted [name of victim] by intentionally [[striking] [wounding]] [[him] [her]] [using a display of force that reasonably caused [him] [her] to fear immediate bodily harm];
>
> Second, the defendant acted with the intent to do bodily harm to [name of victim];
>
> Third, the defendant used a dangerous weapon; and
>
> Fourth, the assault took place on [specify place of federal jurisdiction].

Ninth Circuit Manual of Model Criminal Jury Instructions (2016). Unlike statutes that criminalize offensive touching, § 113(a)(3) requires that a person strike, wound, or display force with the intent of causing injury in conjunction with the subjective intent to actually cause bodily harm to the victim. That level of force is sufficient to meet the threshold of physical force. It also closely resembles the level of force described in the *Ayala-Nicanor* case. Though defense counsel can imagine situations that could possibly not require the proper quantum of force to qualify as physical force, "in order for a statute to be

---

[2] A crime of violence pursuant to U.S.S.G. § 2L1.2 is any of the enumerated crimes listed in Application Note 1(B)(iii) or any other offense that "has as an element the use, attempted use, or threatened use of physical force against the person of another."

ORDER- 5

overinclusive there must be a realistic probability, not merely a theoretical possibility, that the State would apply its statute to conduct outside the federal generic definition." *Werle*, 815 F.3d at 620.  There is no hint that § 113(a)(3) has been applied in a manner requiring less than the use or threatened use of physical force.

The Court concludes that § 113(a)(3) qualifies as a crime of violence pursuant to § 924(c)(3)(A).  Any arguable newly recognized right springing from *Johnson* does not apply to Defendant's conviction.

## CERTIFICATE OF APPEALABILITY

An appeal of this Order may not be taken unless this Court or a circuit justice issues a certificate of appealability finding that "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (West 2013).  This requires a showing that "reasonable jurists would find the district Court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Based on the Court's preceding analysis, the Court concludes that jurists of reason may differ with the Court's conclusion.  Thus, a certificate of appealability should issue. The Court has reviewed the file and Motion and is fully informed.  Accordingly,

**IT IS ORDERED** that Defendant's Motion to Vacate Conviction Pursuant to 18 U.S.C. § 2255, filed March 23, 2016, **ECF No. 161**, is **DENIED**.

The District Court Executive is directed to:
- File this Order,
- Provide copies to counsel,
- Inform the Ninth Circuit Court of Appeals that if the Defendant files a Notice of Appeal that a certificate of appealability is **GRANTED**; **AND**
- **CLOSE** the corresponding civil file, 2:16-CV-0083-WFN.

**DATED** this 26th day of April, 2016.

          s/ Wm. Fremming Nielsen
          WM. FREMMING NIELSEN
04-25-16          SENIOR UNITED STATES DISTRICT JUDGE

ORDER- 6